Filed 9/23/21  P. v. Rosales CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PEDRO ROSALES III,<br><br>Defendant and Appellant. | F079161<br><br>(Super. Ct. No. F18907873)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jamie A. Scheidegger, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

A jury found appellant Pedro Rosales III guilty of second degree robbery (Pen. Code,[1] § 211; count 1) and found true an allegation that he had personally used a deadly or dangerous weapon in the commission of the crime (§ 12022, subd. (b)(1)). Following his trial, appellant admitted he had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), a prior serious felony conviction (§ 667, subd. (a)(1)), and a prior prison term (§ 667.5, subd. (b)). The trial court sentenced appellant to the lower prison term of two years, doubled to four years due to the strike prior, plus one year for the weapon enhancement, five years for the prior serious felony enhancement, and one year for the prior prison term enhancement, for a total of 11 years.

On appeal, appellant argues: (1) his admissions to the allegations of his prior convictions were not knowing or voluntary because the trial court did not properly advise him of his constitutional rights nor the penal consequences of his admissions (*Yurko*[2] error); (2) the trial court erred by declining to exercise its discretion to strike appellant's strike prior and/or his prior serious felony enhancement; (3) the court violated appellant's due process rights and the excessive fines clause by imposing a $2,000 restitution fine (§ 1202.4); and (4) the one-year prior prison term enhancement must be stricken pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.). We strike the prior prison term enhancement, and in all other respects, affirm the judgment.

## FACTS

On October 9, 2018, appellant entered a cell phone store and inquired about purchasing a speaker that was on display. The store manager told appellant the speaker was broken but that she could sell the speaker to appellant at a discount. Appellant said he would come back. When he returned later that day, he had changed his clothes. Appellant asked a store employee to put the speaker in a book bag he brought in with

---

[1]     Further undesignated statutory references are to the Penal Code.

[2]     *In re Yurko* (1974) 10 Cal.3d 857.

2.

him, and she complied. The employee then began to ring up the purchase but stepped a few feet away from the counter to text her boss to get the discount code. Once the employee stepped away, appellant reached behind the counter and grabbed the speaker. The employee ran toward appellant and tried to get the speaker back and ended up grabbing a part of appellant's sweater. Appellant turned around and said he had a knife. The employee saw the blade of the knife and got scared. Appellant brought the speaker outside the store, but at some point, he dropped it, got on his bicycle, and rode away.

Surveillance videos from the store displaying portions of the incident were shown to the jury, and the parties stipulated that the footage displayed in the videos were true and correct copies.

## DISCUSSION

### I.     *Yurko* Error

#### A.     *Relevant Background*

After the jury delivered the verdict, the trial court asked appellant if he was waiving the jury for the prior conviction allegations, to which appellant responded, "yes." The court then excused the jury. The court went on to inform appellant he had a right to a jury trial but that he had just waived that right in the jury's presence. The court then asked appellant whether he admitted the strike allegation, the serious felony conviction allegation, and the prison prior allegation, separately, and appellant responded in the affirmative to each allegation.

The court then addressed defense counsel and asked if he had had an opportunity to discuss appellant's jury waiver and his decision to admit the priors with him. Counsel responded he had discussed the issue earlier with appellant and "further advised him, … if he did suffer these convictions, which the D.A.'s office can prove, that it's in his best interest to simply admit them." The trial court asked if counsel was satisfied appellant understood the right to a trial and that he had sufficiently waived the right, to which counsel responded, "I believe so." The court asked appellant if he agreed, and appellant

3.

and counsel had an unreported discussion. Defense counsel stated, "I just had a brief discussion with [appellant]. Um, I think [appellant] understands, one, that he could have had the jury decide whether or not he was convicted of these priors, and in my earlier conversation with him, he was agreeable to simply admitting them and not contesting something that shouldn't be contested."

The court again asked appellant if he agreed with counsel's assessment. Appellant stated he did not "understand what's going on." Another unreported discussion was held between appellant and defense counsel, after which appellant stated, "Okay. Yes." The court stated: "All right. In essence, I want to summarize that you're agreeing that you agree these things occurred, and you waive the right to a jury to have a jury decide this; is that correct?" Appellant responded, "Yes." The court then stated he found appellant's waiver and admissions were "knowingly, intelligently and voluntarily made," accepted the admissions, and found the prior allegations true.

## B. *Analysis*

Appellant contends his admissions of the prior conviction allegations were not "knowing and voluntary" because the court failed to (1) advise appellant and obtain waivers of appellant's rights against self-incrimination and to confront adverse witnesses; (2) advise appellant he was entitled to a bench trial on the priors; and (3) advise appellant his admissions would subject him to an additional prison term of eight years. We conclude any error was harmless.

When a defendant admits a prior conviction allegation that subjects him to increased punishment, the trial court is required to ensure the admission is knowing and voluntary. (*People v. Cross* (2015) 61 Cal.4th 164, 170 (*Cross*).) To ensure the standards of voluntariness and intelligence are met, the California Supreme Court held in *Yurko* that the court must fully advise the defendant of (1) the defendant's constitutional rights subject to waiver (self-incrimination, confrontation, and jury trial, commonly

4.

known as *Boykin-Tahl*[3] rights) and (2) the full penal effect of a true finding of a prior conviction allegation. (*Yurko*, *supra*, 10 Cal.3d at p. 865.) The second advisement requires that the accused "must be advised of the precise increase in the prison term that might be imposed, the effect on parole eligibility, and the possibility of being adjudged a habitual criminal." (*Cross*, at p. 171; *Yurko*, at p. 864.) The failure to make the advisements to the accused is commonly referred to as "*Yurko* error."

A trial court's incomplete advisement is not reversible per se. Rather, the test of reversal for *Yurko* error "is whether 'the record affirmatively shows that [the admission] is voluntary and intelligent under the totality of the circumstances.' " (*Cross*, *supra*, 61 Cal.4th at p. 171.) "[I]n applying the totality of the circumstances test, a reviewing court must 'review[] the whole record,' " not " 'just the record of the plea colloquy.' " (*Id*. at pp. 179–180.) "[I]f the transcript does not reveal complete advisements and waivers, the reviewing court must examine the record of 'the entire proceeding' to assess whether the defendant's admission of the prior conviction was intelligent and voluntary in light of the totality of circumstances." (*People v. Mosby* (2004) 33 Cal.4th 353, 361 (*Mosby*).)

While the trial court here did not advise or obtain waivers of appellant's right against self-incrimination and to confront witnesses, we can determine from the record he knew and understood these rights. In *Mosby*, immediately after having undergone a jury trial, the court informed the defendant he had a right to a jury trial on the prior conviction allegation. (*Mosby*, *supra*, 33 Cal.4th at p. 364.) The defendant waived his right to a jury trial and admitted the truth of the allegation. (*Ibid*.) On appeal, the defendant argued the trial court reversibly erred by not advising him of his rights to remain silent and to confront witnesses. (*Ibid*.) The California Supreme Court held the court's failures did not render the defendant's admissions not knowing or intelligent because the defendant

---

[3]      *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

5.

had just undergone a jury trial where he exercised his right to remain silent and confronted witnesses through counsel and thus would have understood that a trial included these rights. (*Ibid*.)

Though appellant acknowledges the holding in *Mosby*, he does not explain why it does not apply to his case. We conclude *Mosby* is apposite. Here, defendant admitted the priors immediately after his jury trial on the underlying charges. Like in *Mosby*, appellant knew of and "had just exercised[] his right to remain silent at trial" and because he had, through his attorney, confronted witnesses during the jury trial, "he would have understood that at a trial he had the right of confrontation." (*Mosby*, *supra*, 33 Cal.4th at p. 364.) In addition, prior to appellant's trial, appellant personally executed a written request to substitute appointed counsel (*Marsden*[4] request), which made direct reference to "the privilege against self-incrimination, as guaranteed by the United States Constitution and the Constitution of the State of California." The record as a whole demonstrates appellant knew and understood his rights against self-incrimination and to confront witnesses; the failure to advise and obtain waivers of the same did not render appellant's admission not knowing and voluntary.

The record further discloses appellant knew the penal consequences of his admissions despite the court's failure to advise him at the time of his admission. These consequences were described by the court in appellant's presence during a *Marsden* hearing held on February 14, 2019. During this hearing, defense counsel represented to the court that he had explained appellant's maximum range of punishment was, according to the district attorney, 17 years. The court explained to appellant the minimum prison term for robbery was two years, the middle term was three years, and the upper term was five years. The court also explained a strike prior, if found true, would double the prison term to be imposed for robbery and noted that the section 667, subdivision (a)(1)

---

**4**     *People v. Marsden* (1970) 2 Cal.3d 118.

enhancement was five years. The court also suggested it was contemplating "tak[ing] out" "the knife enhancement" if appellant were to plead.

From the foregoing, we know appellant was aware of the sentencing triad for robbery; the base term of his sentence would be doubled because of the strike prior, the prior serious felony allegation carried a term enhancement of five years, the weapon allegation carried a term enhancement, and his maximum exposure was 17 years. We can infer he was also aware the weapon and prison prior allegations each carried a term of one year based on the information the court gave him by applying the process of elimination.[5] The record further demonstrates appellant discussed the matter with counsel prior to and at the time he admitted the prior allegations. Appellant was aware of the penal consequences of his admission, and the court's failure to advise appellant of the penal consequences at the time of the admissions did not render his admission unknowing or involuntary.

As for appellant's claim the trial court erred by failing to inform him that he could have a court trial in lieu of a jury trial, respondent contends appellant does not effectively establish the court was required to advise appellant of any right to a court trial as opposed to a jury trial. We need not resolve whether the trial court was required to advise appellant of his statutory right to a court trial if a jury is waived, as any error is clearly harmless.

The option of a court trial in lieu of a jury trial is set forth in section 1025.[6] Appellant relies on *Yurko* and its progeny to support his contention the court was required

[5]     Because appellant knew his total prison exposure was 17 years; the upper term of robbery was five years, potentially doubled to 10 years, and the prior serious felony enhancement was five years, for a total of 15 years, it follows the remaining sentence enhancing allegations each carried a prison term of one year.

[6]     Section 1025 reads, in pertinent part: "(a) When a defendant who is charged in the accusatory pleading with having suffered a prior conviction pleads either guilty or not guilty of the offense charged against him or her, he or she shall be asked whether he or she has suffered the prior conviction.… [¶] (b) [T]he question of whether or not the

7.

to inform him of a court trial separate from that of a jury trial, but we do not find this line of authority stands for appellant's proposition. *Yurko* simply extended the requirements of *Boykin-Tahl* to admissions of prior convictions. Neither *Boykin* nor *Tahl* make reference to a separate advisement that a defendant pleading guilty is entitled to a court trial in lieu of a jury trial; only the constitutional right to trial by jury is mentioned. (See *Boykin v. Alabama*, *supra*, 395 U.S. 238; *In re Tahl*, *supra*, 1 Cal.3d 122.) Because appellant's only authority is state law, we analyze any error in not advising a defendant of any right to a court trial under the reasonable probability standard of error for state error pursuant to *People v. Watson* (1956) 46 Cal.2d 818, 836.

Appellant has not shown it is reasonably probable he would not have admitted the priors had he been advised of an option to have a court trial as opposed to a jury trial. Appellant waived his right to have the jury decide the truth of the allegations, and defense counsel represented in open court this decision was based on defense counsel's advice the district attorney could prove the priors.

We conclude any *Yurko* error was harmless because the record as a whole affirmatively discloses appellant's admissions of the prior conviction allegations were knowing and voluntary.

## II. Court's Denial of Appellant's *Romero* Motion and Declining to Strike the Prior Serious Felony Enhancement (§ 667, subd. (a)(1))

Appellant contends the trial court erred by denying appellant's motion to strike the prior strike conviction and the prior serious felony conviction enhancement. We disagree.

---

defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty, … *or by the court if a jury is waived*." (§ 1025, subds. (a), (b), italics added.)

**A.** *Relevant Background*

Prior to his sentencing, appellant filed a written motion requesting the court to dismiss his prior strike conviction, a 2010 attempted burglary conviction, pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). His motion was based upon five main points: (1) appellant tried to steal the speaker after the victim left the room and "was not seeking confrontation"; (2) appellant was addicted to methamphetamine and wished to seek treatment; (3) appellant had "become a family man" within the last five years; (4) appellant cared about his future and had support from family and friends; and (5) appellant was remorseful and wrote a letter of apology at the time of his arrest.

The probation report indicated appellant's risk assessment score was "High Violent." It further indicated he had a lengthy criminal history dating back to 2009, including: in 2009, felony possession of a controlled substance, misdemeanor theft, and misdemeanor burglary; in 2010, felony attempted burglary; in 2011, misdemeanor receiving stolen property; in 2012, felony assault with force likely to produce great bodily injury and felony vehicle theft; in 2013, felony petty theft with priors; in 2015, misdemeanor possession of a controlled substance and misdemeanor burglary; and in 2016, two separate convictions of misdemeanor theft. For aggravating facts relating to appellant, the probation report listed that appellant had engaged in violent conduct, that his prior convictions were numerous or of increasing seriousness, and that appellant was on probation or parole when the crime was committed. Probation found no mitigating circumstances relating to either appellant or the crime. For appellant's sentence, probation recommended the middle term of three years, doubled to six years, for the base term, plus five years for the prior serious felony conviction, one year for the prior prison conviction, and one year for the weapon enhancement, for a total term of 13 years. The report further indicated the present case was appellant's sixth felony and he had had

multiple opportunities to reform through parole and probation but the circumstances of the offense demonstrate his criminal behavior is escalating in violence.

At the sentencing hearing, before hearing argument, the court noted it had read and considered appellant's request to strike the prior serious felony conviction, the points and authorities in support thereof, and the probation report. The court also acknowledged receipt and took notice of a certificate of completion of the Wellpath Fresno County Jail Substance Use Disorder Program presented by appellant.

The prosecutor argued the court should follow probation's recommendation. She objected to the court striking appellant's strike based on the several similar crimes he committed since committing the strike offense. She noted the victim was very fearful as a result of the offense and was present and "tearing up" in court. Defense counsel stated his primary arguments were in the written motion, adding that while appellant "did try to steal" and "did break the law," "it was difficult to determine the facts in this case personally" as the surveillance video "wasn't clear." Defense counsel stated the court had "a lot of discretion, not just with a Romero …, but to potentially dismiss the five-year prior in its discretion." Defense counsel went on to say, "I don't think the 13 years is completely out of bounds, but I think it's a little heavy."

In ruling, the trial court noted it agreed with probation as to the factors in aggravation relating to appellant. The court also addressed defense counsel's suggestion that the video made it unclear as to whether appellant actually had a knife by saying, "I watched that video, and I watched the reaction of the victim. I watched the reaction of [appellant] and I saw an object in his hand. I don't have the greatest eyesight and I saw it, so we're not going to sit here and deny what the jury found, because the jury found that he, in fact, was armed during the commission of this robbery. And it was, in fact, a robbery. It was not a theft." The court went on to say appellant put the victim at risk and, in addressing appellant, "[y]ou don't know what could have happened with that knife and if you would have actually slashed her or she could have had a heart attack or a

stroke from the stress. You just don't know, and I could see from here that she was wiping the tears from her eyes. No one should have to go through that."

The court stated that since the time appellant had committed his strike offense, he had had "a number of other convictions, felonies and misdemeanors dealing with stealing cars, petty theft, controlled substances, misdemeanor burglary and also two misdemeanor petty thefts." Based on appellant's criminal record since his strike offense, the trial court concluded it "[could not] make a legal conclusion that [appellant was] a person that is outside the spirit of the Three Strikes [l]aw" and denied appellant's request to strike the prior strike. The court went on to say, "I'm not going to give you 13 years, sir, but I am going to give you enough time that the Court believes will be sufficient to punish you." The court sentenced appellant to an aggregate prison term of 11 years.

**B.** *Analysis*

Section 1385 gives the trial court authority to order an action dismissed, "in furtherance of justice." (§ 1385, subd. (a).) Under this authority, the court may vacate a prior strike conviction for purposes of sentencing under the "Three Strikes" law, "subject, however, to strict compliance with the provisions of section 1385." (*Romero*, *supra*, 13 Cal.4th at p. 504.)

Additionally, Senate Bill No. 1393, which went into effect on January 1, 2019, amended sections 667 and 1385 to eliminate the statutory prohibition on a trial court's ability to strike a five-year enhancement imposed pursuant to section 667, subdivision (a)(1) under section 1385. (Stats. 2018, ch. 1013, §§ 1, 2.)

**1.** *Romero*

We review the denial of a request to strike a prior conviction for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) Dismissal of a strike is a departure from the sentencing norm. As such, in reviewing a *Romero* decision, we will not reverse for abuse of discretion unless the defendant shows the decision was

11.

"so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at p. 377.)

In ruling on a *Romero* motion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) In an "extraordinary case—where the relevant factors [set forth in *Williams*] manifestly support the striking of a prior conviction and no reasonable minds could differ—the failure to strike would constitute an abuse of discretion." (*Carmony*, *supra*, 33 Cal.4th at p. 378.) Reversal is also justified where the trial court was unaware of its discretion to strike a prior strike or refused to do so, at least in part, for impermissible reasons. (*Ibid*.) " '[W]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, [however,] we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Ibid*.)

Appellant has not met his burden of showing the trial court's decision was "so irrational or arbitrary that no reasonable person could agree with it." Appellant contends the trial court abused its discretion in denying his *Romero* motion to strike his prior conviction because the court erroneously only considered appellant's criminal history in making its decision and failed to take into consideration the individualized circumstances set forth in appellant's motion. Appellant contends the trial court failed to take into account appellant's drug addiction, that his strike offense was an attempted burglary as opposed to a completed burglary, that he showed remorse for the present offense, and that he only showed the victim the knife. We reject appellant's argument the trial court did not consider these factors in making its decision. The trial court expressly stated it had

read and considered appellant's motion, which included these factors. Further, the court imposed the lower term on appellant's base sentence when probation had not reported any factors in mitigation. It appears the court did take into consideration at least some of the factors appellant raises in imposing the lower rather than the middle or upper term.

We also reject appellant's assertion the trial court engaged in improper "speculation" when it commented that appellant could have harmed the victim with the knife directly or by scaring her. The court's comments appear to us to be permissible evaluation of the seriousness of the circumstances of the crime by noting the risk appellant's actions placed on the victim. Appellant does not cite any authority which stands for the proposition the court was precluded from considering this or the effect the crime had on the victim.

Here, the trial court considered appellant's motion, points and authorities, the probation report, and proof appellant completed a substance use disorder program while in jail, as well as appellant's criminality and the spirit of the Three Strikes law. Given appellant's criminal history, his inability to avoid criminal activity for a substantial period of time, and his violent behavior, the trial court was well within its discretion to find that appellant fell within the spirit of the Three Strikes law despite the mitigating factors appellant raised. Appellant has not shown that the trial court's decision not to strike the strike prior was arbitrary or irrational. In our opinion, this is not an extraordinary case in which all reasonable people would agree that appellant falls outside the spirit of the Three Strikes law. (See *Carmony*, *supra*, 33 Cal.4th at p. 378.) Thus, we conclude the trial court did not abuse its discretion in declining to strike appellant's prior strike conviction.

### 2. Prior Serious Felony Enhancement

Appellant also contends it was not clear whether the court knew it had authority to strike the prior serious felony conviction enhancement under the newly enacted Senate Bill No. 1393 because it did not expressly rule on appellant's request and, as such,

remand is necessary.  Respondent contends appellant forfeited the issue by failing to secure a ruling.  For the benefit of appellant's argument, we presume the trial court impliedly denied appellant's request and review his claim on the merits.  It fails.

It is appellant's burden "to affirmatively demonstrate that the trial court misunderstood its sentencing discretion."  (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.)  "In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law.' "  (*People v. Thomas* (2011) 52 Cal.4th 336, 361.)

Appellant has not rebutted the presumption that the trial court knew and understood its discretion under the then newly enacted Senate Bill No. 1393.  The law had been in effect for approximately four months at the time of appellant's sentencing, and defense counsel had orally requested the trial court to strike the prior serious felony enhancement.  The court's failure to articulate any specific reasons for denying appellant's request was not necessary in light of its comments on the *Romero* motion.  It is clear from the record that the trial court had no intention of granting appellant's request to strike the prior serious felony enhancement.  Because the trial court denied appellant's request to strike the strike prior, which would have decreased appellant's total prison term by two years, it does not follow it would have stricken the prior serious felony enhancement which would have decreased appellant's total term by five years.  The trial court expressly noted it decided on a specific aggregate sentence that would adequately punish appellant.

Appellant's assertion it was "unclear" whether the court understood its sentencing discretion is not sufficient to satisfy his burden to demonstrate error or rebut the presumption the trial court knew of its authority to strike the enhancement.  Further, for the reasons we have already stated with regard to appellant's *Romero* motion, we find the trial court's implied denial was not an abuse of discretion.

## III.    Restitution Fine

Probation recommended the court impose a restitution fine in the amount of $2,400 (§ 1202.4), a courtroom security fee in the amount of $40 (§ 1465.8), a conviction assessment in the amount of $30 (Gov. Code, § 70373), and a probation report fee in the amount of $296.

At sentencing, the trial court imposed a $2,000 restitution fine, and an additional parole revocation fine suspended until and unless parole were to be revoked (§ 1202.45). The court further ordered appellant to make restitution to the named victim (§ 1202.4, subd. (f)).  "With respect to the courtroom security fees," the court stated it had "no information as to [appellant's] ability to pay, but given so much as you'd be sentenced to 11 years in prison I have no confidence that you will have the ability to pay."  The court imposed the $40 court security fee, the $30 Government Code criminal conviction assessment, a probation report fee, and stayed "each one of those pending successful completion of parole," noting "[i]f you violate parole that tells me that you have time to make money and you'll have the time to make money to pay these fees."

With regard to the court's imposition of the restitution fine, appellant contends the fine violated the prohibition against "excessive fines" contained in the Eighth Amendment to the United States Constitution and that the court violated appellant's due process rights by failing to conduct an ability-to-pay hearing pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  In *Dueñas*, the appellate court held the imposition of the nonpunitive court security fee (§ 1465.8, subd. (a)(1)) and criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)) without a determination of the defendant's ability to pay them violated due process.  (*Dueñas*, at p. 1164.)  The *Dueñas* court also held that if the defendant has demonstrated an inability to pay the restitution fine, which is intended to be punitive (§ 1202.4, subd. (b)(1)), the trial court must stay

15.

execution of the fine until the People prove the defendant has gained the ability to pay. (*Dueñas*, at p. 1164.)[7]

Appellant's claim regarding his ability to pay the restitution fine is forfeited as he did not object to the amount of the restitution fine under either (1) the excessive fines clause; (2) *Dueñas*, which was published months before appellant's sentencing; or (3) section 1202.4, which states the court may consider an ability to pay in imposing a restitution fine in excess of the minimum fine of $300 (see *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153). We consider appellant's argument in the context of appellant's alternative claim that appellant's counsel's failure to object constituted ineffective assistance of counsel. We conclude, on this record, it does not.

To prevail on an ineffective assistance of counsel claim, appellant must establish that (1) the performance of his trial counsel fell below an objective standard of reasonableness and (2) prejudice occurred as a result. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Anderson* (2001) 25 Cal.4th 543, 569.) "When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance. It is particularly difficult to prevail on an *appellate* claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

---

[7] The California Supreme Court is now considering (1) whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and (2) if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, rev. granted Nov. 13, 2019, S257844.)

Appellant cannot demonstrate ineffective assistance of counsel. On the issue of whether defense counsel should have requested an ability-to-pay hearing pursuant to *Dueñas*, because appellant makes his claim on direct appeal, he is unable to show any evidence defense counsel should have presented at any ability-to-pay hearing beyond what was on the record, which was available to and considered by the trial court. Thus, to the extent appellant's claim would be based on evidence not included in the record on appeal, we cannot resolve appellant's claim on direct appeal because such evidence is not before us. To the extent that appellant's ability-to-pay claim is based on his lengthy prison sentence and other information available from the probation report, the record demonstrates the trial court considered this when ordering the $2,000 restitution fine, as it expressly relieved appellant of paying the nonpunitive fees and assessments on the basis of his prison sentence. For these reasons, appellant cannot show any prejudice, as there is no evidence an objection by counsel would have resulted in a more favorable order had defense counsel requested an ability-to-pay hearing.

Nor can appellant demonstrate prejudice resulting from defense counsel's failure to object to the amount under the excessive fines clause or under section 1202.4. The amount of the restitution fine is within the discretion of the court and shall be "commensurate with the seriousness of the offense" so long as it is not less than $300 or greater than $10,000. (§ 1202.4, subd. (b)(1).) According to the statute, the court may determine the amount of the fine as "the product of the minimum fine … multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (§ 1202.4, subd. (b)(2).) In setting the amount of the fine in excess of the minimum, "the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved

in the crime." (§ 1202.4, subd. (d).) Applying the section 1202.4, subdivision (b)(2) formula to the present case, we arrive at a product of $3,300 ($300 minimum multiplied by 11 years multiplied by one count). The court imposed an amount lower than that suggested by statute, as well as that recommended by probation, and we presume the trial court considered all factors in section 1202.4, subdivision (d). (See *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 [a trial court is presumed to know and follow applicable law].) Because the restitution fine imposed was well within the trial court's statutory discretion, we do not find it constituted an excessive fine in violation of the Eighth Amendment.

We conclude appellant cannot demonstrate prejudice resulting from his ineffective assistance of counsel claim, and therefore his claim fails.

## IV.    Senate Bill No. 136

In October 2019, the Legislature passed Senate Bill No. 136, amending section 667.5, subdivision (b) to state that a one-year term under that section shall only be imposed "for each prior separate prison term for a sexually violent offense …." (Stats. 2019, ch. 590, § 1.) Thus, Senate Bill No. 136 eliminated the prior prison term enhancement except in cases involving sexually violent offenses. The law went into effect on January 1, 2020, almost nine months after appellant was sentenced and while this matter was pending on appeal. Appellant argues his one-year prior prison term enhancement must be stricken, and respondent agrees, as do we.

As appellant's prior prison term was not imposed for a sexually violent offense, the one-year prior prison term enhancement can no longer be applied to him under Senate Bill No. 136. (See *People v. Gastelum* (2020) 45 Cal.App.5th 757, 772.) Therefore, we accept respondent's concession and strike the prior prison term imposed by the trial court.

# **DISPOSITION**

The judgment is modified as follows. The one-year prior prison term enhancement imposed pursuant to section 667.5, subdivision (b) is stricken. With this modification, the judgment is affirmed.

The trial court is directed to cause to be prepared an amended abstract of judgment reflecting this modification and reducing appellant's total sentence by one year. The court shall forward a certified copy of the amended abstract of judgment to the appropriate authorities.


                                        DE SANTOS, J.

WE CONCUR:


LEVY, ACTING P.J.


POOCHIGIAN, J.


19.